## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MIR NEMATULLAH SADAT**,    ) | |
| ) | |
| ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.    ) | Civil Action No. 16-cv-2146 (TSC) |
| ) | |
| ) | |
| **STUART ALLAN & ASSOCIATES**    ) | |
| *Now Known As*    ) | |
| STUART-LIPPMAN & ASSOCIATES,    ) | |
| INC.,    ) | |
| ) | |
| Defendant.    ) | |
| ) | |

### <u>MEMORANDUM OPINION</u>

This matter was removed to this court from the District of Columbia Superior Court by the Defendant.  "Federal courts are courts of limited jurisdiction," and the law presumes "that a cause lies outside this limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  The removing defendant bears the burden of establishing federal jurisdiction. *Kormendi/ Gardner Partners v. Surplus Acquisition Venture, LLC*, 606 F. Supp. 2d 114, 120 (D.D.C. 2009) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)).

A plaintiff is normally the master of her complaint and may select her own court, even if it means foregoing remedies that might be available elsewhere.  *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  However, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Id.*  "Federal jurisdiction

cannot be predicated on an actual or anticipated defense," nor can federal jurisdiction "rest upon an actual or anticipated counterclaim." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

It is well established that "the removal statute should be construed narrowly and against removal." *Illinois v. Kerr-McGee Chem. Corp.*, 677 F.2d 571, 576 (7th Cir. 1982) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Arkansas v. Kan. & Tex. Coal Co.*, 183 U.S. 185, 188 (1901)).  Consequently, "[i]f a defect in removal procedures . . . becomes apparent at any point prior to final judgment, the removal court must remand the case to the state court." *Julien v. CCA of Tenn., Inc.*, 268 F. Supp. 2d 19, 21 (D.D.C. 2003) (citing 28 U.S.C. § 1447(c)); *see also Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815–16 (4th Cir. 2004) (en banc) (noting "if federal jurisdiction is doubtful, a remand to state court is necessary") (citation and internal quotation marks omitted)).

In its notice of removal, Defendant asserts that Plaintiff's complaint alleges that Defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, and therefore this court has federal question jurisdiction.  (Notice of Removal ¶¶ 3, 5)(citing 28 U.S.C. §§ 1331, 1441, 1446).  However, while Plaintiff used the phrase "federal debt collection laws" in a <u>letter</u> sent to Defendants before filing the lawsuit in Superior Court, the complaint indicates that Plaintiff is seeking damages "for violations of <u>the DC equivalent</u> of the federal Fair Credit Reporting Act." (Notice of Removal at Ex. A, ECF pp. 22, 4) (emphasis added).  Therefore, the record does not support Defendant's assertion that Plaintiff's complaint contains federal claims, and consequently, this court does not have federal question jurisdiction over this action.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Likewise, the complaint does not support diversity jurisdiction:  Plaintiff seeks only $2,000 in damages, well below the federal court jurisdictional limit.  *See* 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions [between citizens of different states] where the matter in controversy exceeds the sum or value of $75,000 . . . .").

Because this court lacks subject matter jurisdiction, by separate order, this action will be REMANDED to the District of Columbia Superior Court.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

The Clerk of the Court shall mail a copy of this order to:

**MIR NEMATULLAH SADAT**
1901 Connecticut Ave. NW
#223
Washington, DC 20009

Date:  October 31, 2016

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge